IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ERICK ERNESTO MARTINEZ-RAMOS, | |
| Petitioner, | **8:26CV273** |
| vs. | |
| | **ORDER TO SHOW CAUSE** |
| MARKWAYNE MULLIN, in his official capacity, Secretary, U.S. Department of Homeland Security; PETER BERG, in his official capacity ICE Field Office Director Detention and Removal; and WARDEN, McCook ICE IGSA; | |
| Respondents. | |

This matter is before the Court on Petitioner Erick Ernesto Martinez-Ramos' petition for a writ of habeas corpus. (Filing No. 1).

Martinez-Ramos is a Salvadoran national and citizen. (Filing No. 1 at 6). He entered the United States in 2013 near the Mexican border. (Filing No. 1 at 6). "Following his entry," Martinez-Ramos was placed in removal proceedings. (Filing No. 1 at 6). He applied for asylum in June 2013, received employment authorization documents a few years later, and had his immigration proceedings "dismissed" in 2022. (Filing No. 1 at 2, 6; Filing No. 1-4). After that, Martinez-Ramos maintained employment and "remained known to immigration authorities[.]" (Filing No. 1 at 6).

In March 2026, Martinez-Ramos appeared at the Douglas County Courthouse in Omaha, Nebraska "for a scheduled hearing in a pending traffic-related criminal matter." (Filing No. 1 at 6). U.S. Immigration and Customs Enforcement (ICE) officers arrested him there and served him with a "new" notice to appear initiating removal proceedings. (Filing No. 1 at 6).

An immigration judge denied Martinez-Ramos' request for release on bond during the pendency of those proceedings. The immigration judge reasoned Martinez-Ramos was "not bond eligible" under *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). (Filing No. 1-5). At some point, Martinez-Ramos was transferred to the "McCook ICE IGSA in McCook, Nebraska," where he remains. (Filing No. 1 at 7).

This petition for a writ of habeas corpus followed. Martinez-Ramos alleges his detention without a bond hearing violates his procedural and substantive due process rights. (Filing No. 1 at 11-15). He seeks, among other relief, "immediate release" or an order directing the Respondents to provide him "a fair bond redetermination hearing" where "the government bears the burden." (Filing No. 1 at 16).

The habeas statute provides that a court must grant the petition for a writ or order Respondents to "show cause why the writ should not be granted unless it appears from the application that [Martinez-Ramos] is not entitled" to relief. 28 U.S.C. § 2243. The order to show cause must be "directed to the person having custody of [Martinez-Ramos]." *Id.* The order must "be returned within three days" unless "good cause for additional time, not to exceed twenty days, is allowed." *Id.* The person to whom the order is directed "shall make a return certifying the true cause of [Martinez-Ramos] detention." *Id.*

Here, the Court will hear from the Respondents before determining whether Martinez-Ramos is entitled to any relief. Accordingly, the Court orders Martinez-Ramos to serve his petition and a copy of this Order on Respondents and file proof of service with the Court. Respondents shall then show cause why the writ should not be granted. After Martinez-Ramos replies, the Court will set a hearing on the matter. The Court finds the need to serve Respondents and the complexity of the legal issues constitute good cause for the briefing schedule to the extent it allows a response beyond the three days ordinarily allowed under 28 U.S.C. § 2243.

Further, the Court finds cause to preserve the status quo and the Court's jurisdiction by ordering that Martinez-Ramos may not be removed from the United States or the District of Nebraska until further order of this Court. *See* 28 U.S.C. § 1651; *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) ("grant[ing] temporary injunctive relief" against removal "to preserve our jurisdiction" while adjudicating the merits).

Accordingly,

**IT IS ORDERED:**

1. Petitioner Erick Ernesto Martinez-Ramos shall serve his petition for a writ of habeas corpus (Filing No. 1) and a copy of this order on Respondents as soon as is practicable, and file proof of such service with the Court.

2. Respondents shall, within three business days of being served, make a return certifying the true cause of Petitioner's detention and showing cause why the writ should not be granted.

3. Petitioner shall reply in support of his petition within three business days of the Respondents' return.

4. The Court will then set a prompt hearing on this matter.

5. Respondents shall not remove Petitioner from the United States or the District of Nebraska until further order of the Court.

Dated this 16th day of June, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge

3